IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | }<br>}<br>} CIVIL ACTION NO.<br>Plaintiff,   }<br>}<br>v.                                          } COMPLAINT<br>}<br>HEALTH CARE SERVICES CORP., }<br>d/b/a BLUE CROSS BLUE SHIELD }<br>OF TEXAS                              }<br>} JURY TRIAL DEMANDED<br>}<br>Defendant.                        }<br>} |

## NATURE OF THE ACTION

This is an action under Title I of the American with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Sheryl Meador, who was adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission alleges that Health Care Services Corporation (HCSC) d/b/a BlueCross/Blue Shield of Texas (BCBS) discriminated against Sheryl Meador in violation of the ADA by failing or refusing to hire her for the position of Claims Examiner because of her disability. EEOC further alleges that Defendant discriminated against Ms. Meador in violation of the ADA by failing or refusing to provide her with reasonable accommodation during the application process, resulting in her denial of hire.

## JURISDICTION AND VENUE

1. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA,

42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission ("the Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant has continuously been doing business in the State of Texas and the City of Dallas, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5), (7).

6. At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. Section 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Sheryl Meador filed a charge with the Commission alleging violations of the ADA by Defendant.

8. On May 15, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful practices and provide appropriate relief.

9. On September 15, 2017, the Commission issued to Defendant a Notice of Conciliation Failure advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. At all relevant times, Sheryl Meador has been a qualified individual with a disability, hearing impairment, and is covered by Title I of the ADA, as amended, 42 U.S.C. §§ 12101 *et seq*. Ms. Meador has a hearing impairment that substantially limits a major life activity of hearing and speaking.

12. Since at least August 2014, Defendant has engaged in unlawful employment practices at its Dallas, Texas location, in violation of Title I of the ADA, as amended, 42 U.S.C. §§ 12101 *et seq*. Specifically, Defendant discriminated against Sheryl Meador because of her disability by failing or refusing to hire her for the position of Claims Examiner because of her disability.

13. Defendant further engaged in unlawful employment practices at its Dallas, Texas location in violation of the ADA, as amended, §§ 12101 *et seq*. by failing or refusing to provide Sheryl Meador with a reasonable accommodation during the application process, resulting in her denial of hire.

14. In August 2014, Ms. Meador applied through an online application process for an open Claims Examiner position with Defendant. As part of the application process, Ms. Meador submitted her resumé, which indicated that she met the basic requirements of the position.

15. After submitting her resume, Ms. Meador received an e-mail from Defendant with instructions about the next steps in the application. The instructions included a link to a 35-minute assessment exam that included an audio portion. Ms. Meador opened the link with the audio portion of the application. Ms. Meador was unable to complete the audio portion of the exam because of her disability. She could not hear the audio portion of the exam. There were no captions or other visible accommodations that would allow Ms. Meador to complete the audio portion of the assessment exam and thus fulfill the application process.

16. In August 2014, Ms. Meador contacted Defendant's Recruiting Coordinator and informed the Defendant that she was deaf. She requested a reasonable accommodation for the audio portion of the assessment exam because of her disability. In September 2014, Ms. Meador and the Defendant's Recruiting Coordinator exchanged emails relating to her disability and her application. But then, Defendant stopped communicating with Ms. Meador.

17. In November 2014, Ms. Meador again attempted to follow-up on her application and reiterated her interest in the Claims Examiner job. She also repeated her request for an accommodation to complete the application process. Ms. Meador never received a reply from Defendant after this e-mail. As a result, Ms. Meador was not allowed to complete the application process and was denied the Claims Examiner position.

18. The unlawful employment practices complained of in paragraphs 11-17 above were intentional.

19. The unlawful employment practices complained of in paragraphs 11-17 above were done with malice or with reckless indifference to the federally protected rights of Sheryl Meador.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, agents, servants, employees, attorneys and all persons in active concert or participation with it from basing any employment decision on an employee's disability.

B. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendant to make whole Sheryl Meador, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring or front pay in lieu thereof.

D. Order the Defendant to make Sheryl Meador whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11-17 above, including but not limited to job search expenses.

E. Order the Defendant to make Sheryl Meador whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 11-17 above, including but not limited to, humiliation, emotional pain

and suffering, stress, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

F. Order the Defendant to pay Sheryl Meador punitive damages for its malicious and reckless conduct described in paragraphs 11-17 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES LEE
Acting General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas State Bar No. 14009470

/s/ Joel P. Clark
JOEL P. CLARK
Sr. Trial Attorney
Texas State Bar No. 24050425

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL) (214) 253-2743
(FAX) (214) 253-2749